FILED
May 12, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003487840

HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for
SUSAN DIDRIKSEN
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>DONALD ALONZA PIERCE, JR.<br>and ALETHEA MAKEEVA PIERCE<br><br>Debtors. | Case No.: 11-20363-A-7<br><br>DC No.: HSM-002<br><br>Date: June 13, 2011<br>Time: 10:00 a.m.<br>Place: 501 I Street<br>Sacramento, CA<br>Ctrm. 28, 7th Flr.<br>Judge: Michael S. McManus |

**MOTION FOR APPROVAL OF SALE OF ESTATE'S
INTERESTS IN AND TO FEDEX CONTRACT AND DELIVERY ROUTES**

SUSAN DIDRIKSEN, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of DONALD ALONZA PIERCE, JR. and ALETHEA MAKEEVA PIERCE (the "Debtors"), Case No. 11-20363-A-7, submits this Motion for Approval of Sale of Estate's Interests in and to FedEx Contract and Delivery Routes ("Motion"), and in support thereof, respectfully represents as follows:

1. This case was filed as a voluntary Chapter 7 case on January 5, 2011. The Trustee was appointed as the Chapter 7 Trustee on January 5, 2011, and has at all relevant times served in that capacity.

2. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. sections 157

and 1334, 11 U.S.C. section 363(b), and the reference to this bankruptcy court by the United States District Court for the Eastern District of California.

3. The proposed sale that is the subject of this Motion relates to a certain contract and several delivery routes between FedEx Home Delivery, a division of FedEx Ground System Package, Inc. ("FHD") and Donald Pierce, Jr. ("Donald Pierce") that entitled Donald Pierce to operate his delivery service along certain specified routes as an independent contractor for FHD. The delivery route contract is more particularly identified by FHD as Contract No. C7273277. The delivery routes are more particularly identified as PSA 111696 and PSA 117371 (collectively, the "Business Assets").

4. Alex Kuznetsov of UC Merchant Services, the proposed buyer herein ("Buyer"), currently operates delivery services as an independent contractor to FHD on other routes, is familiar with the routes served by the Business Assets, and desires to acquire the aforementioned Business Assets from the Debtor's estate.

5. The Motion, if approved by the Court, shall establish the terms and conditions of the proposed purchase and sale of the Business Assets between the Trustee, as seller, and Buyer, as buyer of the Business Assets. The proposed terms of the purchase and sale are as follows:

    a. The sale of the Business Assets is subject to court approval and potential overbidding;

    b. The purchase price (the "Purchase Price") will be Thirty Thousand Dollars ($30,000.00), plus the additional amount, if any, required from Buyer as the successful bidder at the hearing on this Motion;

    c. Buyer has delivered a down payment of $2,300.00 to the Trustee (the "Down Payment"), which shall be held by the Trustee pending court approval of the Motion. If Buyer is the successful high bidder at the hearing on this Motion, the balance of the Purchase Price shall be paid within five (5) days after entry of the court order approving the sale of the Business Assets to Buyer;

    d. The Business Assets will be sold on an "as is," "where is," basis, with no

representations or warranties, express or implied, from the Trustee or the estate with respect thereto. In particular, and without limitation thereof, the Trustee makes no representations or warranties as to the continued effectiveness of the Business Assets, or as to the existence or lack of any breach of the delivery route contracts comprising the Business Assets, or the ability of the Trustee to assign the Business Assets to Buyer. Buyer is familiar with the Business Assets and has inspected or had the opportunity to inspect the Business Assets and the anticipated income generated thereby prior to agreeing to purchase the Business Assets from the Trustee;

  e. The Business Assets will be sold subject to any and all claims, liens or encumbrances, disclosed or undisclosed, that may affect or encumber the Business Assets, including without limitation, any claims thereon by FHD related to any failure of performance or breach of any obligation by Donald Pierce on or with respect to the Business Assets;

  f. Buyer shall provide to Trustee satisfactory evidence that Buyer has been approved by FHD Station Management as being qualified to provide the services of Debtor under the Business Assets and will be acceptable as a replacement contractor thereunder. If such documentation is not provided at least seven (7) days prior to the date first set for hearing on this motion, Trustee may request extension(s) of the hearing date for up to forty-five (45) days and/or may elect to terminate the Agreement;

  g. If Buyer is the successful bidder at the hearing on the Motion but then fails to complete the purchase of the Business Assets for any reason other than a breach by the Trustee, the Trustee may retain the Deposit as liquidated damages for Buyer's breach of this agreement; and

  h. If Buyer is outbid at the hearing on this Motion to approve the sale, Trustee shall refund Buyer's $2,300.00 Deposit upon the closing of the sale with the successful overbidder. If the successful overbidder fails to timely close the sale, Buyer shall remain obligated to purchase the Business Assets for the Purchase Price, or any higher bid for the Business Assets made by Buyer at the hearing on this Motion.

  6. The Agreement is subject to certain conditions, including Bankruptcy Court

approval of this Motion and overbidding for the Business Assets, as discussed further below.

7. The Business Assets may be purchased from the Trustee for a price higher than the $30,000 Purchase Price described above. Buyer shall have the right, but not the obligation, to participate in any overbidding that may occur at the hearing on the Motion which may result in an increase in the amount of the Purchase Price. The Trustee proposes the following terms for overbidding on the Assets:

  a. Any person or entity wishing to bid on the Business Assets shall be required to first become a qualified overbidder ("Qualified Overbidder");

  b. Any person or entity wishing to become a Qualified Overbidder must, no later than two (2) business days prior to the hearing on this Motion, deliver to the Trustee a non-refundable deposit in the amount of $3,500.00 (the "Overbidder Deposit"), in the form of a cashier's check or money order made payable to "SUSAN DIDRIKSEN, Chapter 7 Trustee of Donald and Althea Pierce, Bankruptcy Estate," which will be applied to the purchase price for the Business Assets if the overbidder is the successful purchaser following the hearing on the Motion;

  c. Any person or entity wishing to become a Qualified Overbidder must provide satisfactory evidence to Trustee, at least seven (7) days prior to the date first set for hearing on this motion, that such person or entity has been approved by FHD Station Management as being qualified to provide the services of Debtor under the Business Assets and will be acceptable as a replacement contractor thereunder. If such documentation is not timely provided, the Trustee may either determine that such person or entity is not qualified to bid at the hearing and return the Overbidder Deposit thereto or allow such person or entity to participate at the hearing, subject to such person or entity providing such satisfactory evidence to Trustee of its acceptability to FHD Station Management as a replacement contractor at or prior to the hearing on this motion;

  d. The Trustee proposes that the initial overbid by a Qualified Bidder be not less than $30,500.00, with successive overbids in increments of $500.00 or greater;

  e. If the successful overbidder fails to consummate the sale or otherwise

4

breaches its obligations and/or covenants to the Trustee and the estate, the Overbidder Deposit shall be retained and administered as an asset of the estate. In the event that a Qualified Overbidder is not the successful overbidder on the Business Assets, or if this Motion is not approved by the Court, the Overbidder Deposit shall be refundable and shall be returned by the Trustee to the Qualified Overbidder;

  f. If Buyer is the high bidder, it shall pay the greater of its high bid or the Purchase Price for the Business Assets;

  g. If a Qualified Overbidder outbids Buyer, the Qualified Overbidder must purchase the Business Assets on identical terms to those set forth in this Motion, subject to any modifications ordered by the Court. In particular, the high bidder will take the Business Assets subject to any and all claims, liens or encumbrances, disclosed or undisclosed; and

  h. If full payment from the high bidder is not received within five (5) calendar days after entry of the Court's order approving this Motion, Buyer shall be obligated to pay its highest bid for the Business Assets.

  8. The Trustee proposes that Qualified Overbidders not be permitted to bid on the Business Assets individually. A sale of less than the full package of Business Assets may diminish their realizable value due to delay and increased administrative expense. The Trustee has specifically accepted Buyer's proposal to purchase the contract rights and delivery routes comprising the Business Assets in order to bring about an efficient global resolution as to the estate's interest in all of the Business Assets, thereby generating reasonable value for creditors.

  9. In determining that the proposed Purchase Price represents a fair value to the estate for the Business Assets and the proposed sale is in the best interests of the estate's creditors, the Trustee considered the following factors:

  a. The market for the Business Assets is limited to independent contractors familiar with FHD delivery operations. Trustee's efforts to market the Business Assets for sale included the following: (I) Trustee determined the value of the Business Assets using a business model that is accepted in the industry for valuing FedEx routes; (ii) based on this

HEFNER, STARK & MAROIS, LLP
Sacramento, California

K:\Didriksen, Susan\In Re Donald & Alethea Pierce (7782-0005)\pldg approve sale of routes (hsm-002) mtn.wpd

value, Trustee searched the internet and found several sites relating to the sale of Fed Ex delivery routes; (iii) Trustee contacted people with postings on the internet expressing an interest in acquiring FedEx routes in Sacramento; and (iv) Trustee posted the availability of the Business Assets for sale on a website related to the sale of FedEx delivery routes. Buyer is one of the persons contacted by Trustee through these efforts. Additional marketing of the Business Assets would not be expected to generate any additional interest therein.

       b.     The amount of the Purchase Price is reasonably related to the historic gross income generated by Donald Pierce's operation of the delivery routes, representing an approximately 15% value-to-annual-gross-income return.

    10.     In light of the foregoing and Buyer's willingness to accept the Business Assets "as is" and subject to any and all liens and encumbrances, disclosed and undisclosed, the Trustee has concluded that the $30,000.00 Purchase Price, and the other terms of the sale, are fair and reasonable and in the best interests of the Estate and its creditors. The public auction aspect of this Motion is designed to elicit higher offers from interested buyers.

    11.     The benefits that will flow from this court's approval of the Motion are several. The proposed sale of the Business Assets will: 1) bring additional funds into the estate; 2) allow the Trustee to more promptly conclude administration of this case; 3) eliminate future administrative expenses in general in this case and those specifically associated with the marketing of the Business Assets; 4) avoid potential loss in value of the Business Assets, due to any intervening cancellation of the Business Assets by FHD and/or assumption of the delivery routes by other independent contractors; and 5) further allow this case to be closed in an administratively solvent manner with a distribution being made to holders of allowed unsecured claims in this case.

    12.     In the exercise of her business judgment and based on the advice of her Counsel, the Trustee has concluded that the proposed Purchase Price for the sale of Business Assets is fair and equitable, is in the best interests of the estate, and should be approved by the court.

///

1     **WHEREFORE**, the Trustee requests that the court approve the proposed sale of the Business Assets set forth in the Agreement and authorize the Trustee to act in accordance with the terms of the Agreement.

Dated: May 10, 2011

HEFNER, STARK & MAROIS, LLP

By   */s/ Howard S. Nevins*
Howard S. Nevins, Attorneys
for SUSAN DIDRIKSEN,
Chapter 7 Trustee